UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

State of Ohio, *ex rel.* Nancy H. Rogers,
Attorney General,

        Plaintiff,

-v-                                       Case No. 2:08-cv-00079
                                       Judge Michael H. Watson

Sherwin-Williams Company, *et al.*,

        Defendants.

## OPINION AND ORDER

Plaintiff brings this action under state law, asserting that defendants created a public nuisance by selling lead pigment and paint in the State of Ohio. Plaintiff originally filed this action in the Franklin County, Ohio Court of Common Pleas. Defendant Atlantic Richfield Company ("Atlantic Richfield") removed the action to this Court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Plaintiff moves to remand (Doc. 38). The undersigned Judge referred this matter to the U.S. Magistrate Judge to issue a report and recommendation as to whether the Court should grant plaintiff's motion to remand (Doc. 58). On August 28, 2008, the Magistrate Judge issued a comprehensive report and recommendation in which she recommended that the Court grant plaintiff's motion to remand (Doc. 62). This matter is before the Court on Atlantic Richfield's objections to the Magistrate Judge's report and recommendation (Doc. 65).

## I. Background

Atlantic Richfield does not object to the Magistrate Judge's recitation of the factual background of this case. The following summary is derived from her report and recommendation.

Atlantic Research is a Delaware Corporation and successor-in-interest to International Smelting and Refining Company ("IS&R"). IS&R manufactured and sold lead pigment to paint manufacturers in Ohio.

Atlantic Richfield contends it supplied lead pigment to Ohio manufacturers which sold lead paint to the federal government for military purposes. Further, Atlantic Richfield alleges that, during the 1930s and 1940s, the federal government's mobilization for war included the application of lead paint to housing constructed for civilian workers and their families. The federal government issued detailed specifications for lead paint pigment throughout this period. In addition, during this time, the federal government controlled prices and inventories of lead. Atlantic Richfield maintains that when IS&R sold lead pigment to Ohio paint manufacturers, who in turn made lead paint for the federal government, IS&R was acting under federal officers as a federal contractor.

Plaintiff asserts lead still exists in homes and buildings in Ohio, and poses a continuing health risk to Ohio citizens. Moreover, plaintiff avers that since the early 1900s defendants knew or should have known lead is hazardous to human health, and that safer alternatives existed. Plaintiff maintains defendants "contributed to the creation and maintenance of a single public nuisance in Ohio, which is the cumulative effect of lead in pigments, paints and coatings found throughout the State of Ohio."

Amended Complaint (Doc. 5) ¶ 35.

## II. Standard of Review

The Court reviews *de novo* those portions of the Magistrate Judge's report and recommendation to which Atlantic Richfield objects. 28 U.S.C. § 636(b)(1).

## III. Discussion

Atlantic Richfield advances two objections to the Magistrate Judge's report and recommendation. First, it argues the Magistrate Judge erred when she concluded that a private party cannot remove an action under 28 U.S.C. 1442(a)(1) unless its product was produced uniquely for the federal government. Second, Atlantic Richfield maintains the Magistrate Judge erroneously concluded that the federal officer removal statute requires a party producing a component of a product sold to the federal government to have a direct contractual relationship with the federal government.

Atlantic Richfield removed this action under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). The federal officer removal statute provides as follows:

> A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or person acting under that officer) of the United States or any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenue.

28 U.S.C. § 1442(a)(1). The statute protects federal interests by allowing persons who perform jobs for the United States to present their federal immunity defenses in U.S. District Courts rather than state courts, which may be hostile to such defenses. *See*

*Watson v. Philip Morris Cos., Inc.*, 127 S.Ct. 2301, 2307 (2007). The statute must be liberally construed. *Id.* at 2305. Nonetheless, the statutes' language, context, history and purposes limit its construction. *Id.*

Atlantic Richfield acknowledges that it bears the burden of demonstrating that removal is proper under § 1442(a)(1). *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871-72 (6th Cir. 2000). Under the federal officer removal statute, the removing party must establish the following four elements:

1. It is a "person" within the meaning of § 1442(a)(1);

2. It has a colorable federal defense;

3. It was "acting under" the direction of a federal officer or agency; and

4. A causal connection exists between the claims and its performance under the color of a federal office.

*Ferguson v. Lorillard Tobacco Co.*, 475 F. Supp.2d 725, 729 (N.D. Ohio 2007). Plaintiff does not dispute that Atlantic Richfield is a "person" within the meaning of the statute. Moreover, the Magistrate Judge declined to reach the issue whether Atlantic Richfield presented a colorable federal defense. Report and Recommendation ("R&R") (Doc. 62) at 19. The Magistrate Judge, however, concluded that Atlantic Richfield failed to satisfy the "acting under" and causal connection requirements for removal. *Id.* at 16, 18. Specifically, the Magistrate Judge found that Atlantic Research could not satisfy the "acting under" and causal connection requirements because the lead pigment it supplied to Ohio paint manufacturers was generic, and was not made uniquely for the federal government. *Id.* at 14-15. Furthermore, the Magistrate Judge opined Atlantic Richfield was unable to establish a direct contractual relationship with the federal

government and therefore failed to establish the special relationship with the federal government required to fulfill the "acting under" requirement. *Id.* at 15. The Magistrate Judge also found that the causal connection element was absent because there was no connection between federal government's oversight of lead products during the 1930s and 1940s and plaintiff's nuisance claim.

### A. Uniquely Made for the Federal Government

Atlantic Richfield contends the Magistrate Judge erred when she concluded Atlantic Research could not satisfy the "acting under" or causal connection requirements because the lead pigment it sold to Ohio paint manufacturers was not uniquely made for the federal government. Atlantic Richfield maintains the Magistrate Judge's conclusion is not supported by case law.

The Magistrate Judge found that, unlike the instant case, the decisions upon which Atlantic Richfield relied for removal all involved the manufacture of products uniquely made for the federal government. *See Isaacson v. Dow Chemical Co.*, 517 F.3d 129 (2d Cir. 2008); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387 (5th Cir. 1998); *Ferguson v. Lorillard Tobacco Co.*, 475 F. Supp.2d 725 (N.D. Ohio 2007). R&R at 12-15.

In *Winters*, the plaintiff, who served as a civilian nurse in the Vietnam War during 1967-1968, asserted she contracted non-Hodgkin's lymphoma as a result of exposure to Agent Orange. She brought suit in Texas state court against several defendants that supplied the federal government with Agent Orange between 1962 and 1971. The defendants removed the action to federal court under the federal officer removal statute, and the plaintiff moved to remand.

In her motion to remand, the plaintiff argued removal was improper because the government had purchased Agent Orange from the defendants as an "off-the-shelf" product. Significantly, the Court in *Winters* rejected the plaintiff's argument not on legal grounds, but on the facts only:

> The evidence is substantially similar with respect to the other defendants as well. Each was required to produce and provide to the Department of Defense the herbicidal mixture known as "Agent Orange"-with the specifications for the defoliant (and its packaging) specifically dictated by the government. Although the defendants had produced 2,4-D and 2,4,5-T for commercial use before government involvement, their commercial formulations were never composed of a mixture of 100% pure 2,4-D/ 2,4,5-T, which the government required for the most part (98% for 2,4-D and 99% for 2,4,5-T) in its contracts with the defendants. Instead, the defendants had always included a substantial percentage of inert ingredients to dilute the two active ingredients and required further dilution before commercial application. In contrast, the government's specifications for Agent Orange included use of the two active chemicals in unprecedented quantities for the specific purpose of stripping certain areas of Vietnam of their vegetation. To quickly achieve this goal, the government dictated that Agent Orange contain only the active ingredients 2,4-D and 2,4,5-T and it applied the product in Vietnam without dilution.

149 F.3d at 399. *Isaacson*, another Agent Orange case, is to the same effect. In that case the court found:

> Plaintiffs' arguments to the contrary are unpersuasive. They first claim that Agent Orange was an off-the-shelf product and, therefore, could not have been manufactured under color of federal office. As we point out in our companion opinion, however, commercially available products did not contain the Agent Orange herbicides in a concentration as high as that found in Agent Orange. See *In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 2008 WL 465659 (2d Cir.2008). Plaintiffs' off-the-shelf argument thus fails.

*Isaacson*, 517 F.3d at 138.

Atlantic Richfield argues *Winters* and *Isaacson* did not turn on whether Agent Orange was an off-the-shelf product. The Court disagrees. The clear implication of

*Winters* and *Isaacson* is that a party that sells a commercially available "off the shelf" product to the federal government does not satisfy the "acting under" or causal connection requirements of § 1442(a)(1).[1] Were it otherwise, the courts would have included language either rejecting or at least casting doubt on the legal sufficiency of the plaintiffs' "off-the-shelf" arguments. They did not.

Here, Atlantic Richfield does not dispute that the product IS&R provided to Ohio paint manufacturers was generic lead carbonate pigment. IS&R did no more than sell what was essentially an off-the-shelf product to the Ohio paint manufacturers. Moreover, the fact the federal government closely regulated the production and price of lead, as well as the formula for lead pigment, does not by itself give rise to the special relationship necessary to establish removal under the federal officer removal statute. *Watson,* 127 S. Ct at 2304, 2308. Furthermore, the Court finds the following observation of Magistrate Judge particularly persuasive:

> To accept [Atlantic Richfield's] argument would mean that every manufacturer of a generic ingredient in an "off-the-shelf" product that the federal government regulated and may have purchased during World War II would be "acting under" the federal government. The list of such entitles would be virtually limitless, thus eroding the purpose and standards of 28 U.S.C. § 1442(a)(1).

The Court concludes that under *Winters* and *Isaacson,* Atlantic Richfield can satisfy neither the "acting under" nor the causal connection requirements of the federal officer removal statute. Accordingly, the Court overrules Atlantic Richfield's first objection.

---

[1] The plaintiff in *Ferguson* did not raise a similar argument. Nonetheless, the Magistrate Judge correctly observed that the defendant in *Ferguson* contracted to produce a unique product for the federal government. R&R at 14.

## B. Direct Contractual Relationship

Although the above ruling is dispositive, the Court will nevertheless briefly address Atlantic Richfield's second objection as an alternative basis for its decision. For its second objection, Atlantic Research argues the Magistrate Judge erroneously ruled that the federal officer removal statute requires a party producing a component of a product sold to the federal government to have a direct contractual relationship with the federal government.

The Magistrate Judge correctly noted that in *Winters, Isaacson* and *Ferguson,* all of the defendants had a contractual relationship with the federal government. R&R at 15. Here, in contrast, no contractual relationship existed between IS&R and the federal government. Atlantic Richfield attempted to bring itself within the reach of the above authorities by casting IS&R as a subcontractor. The Magistrate Judge rejected this argument on three bases. First, there is no evidence in the record supporting Atlantic Richfield's assertion that IS&R was acting as a subcontractor when it sold lead pigment to Ohio paint manufacturers. R&R at 16. Second, there is no authority for the proposition that a subcontractor is entitled to the government contractor defense. *Id.* Lastly, the Magistrate Judge stated that to remove under § 1442(a)(1), Atlantic Richfield must establish separately that IS&R assisted or helped the federal government, which it did not. *Id.*

The undersigned agrees with the Magistrate Judge's conclusion, and likewise holds that Atlantic Richfield cannot ride "piggyback" on the government contractor status of the Ohio paint manufacturers to establish removal under § 1442(a)(1). The

Court therefore overrules Atlantic Richfield's second objection.

## IV. Disposition

Based on the above, the Court **OVERRULES** Atlantic Research's objections (Doc. 65) to the Magistrate Judge's August 28, 2008 report and recommendation, and **ADOPTS** the report and recommendation in its entirety. Accordingly, the Court **GRANTS** plaintiff's motion to remand (Doc. 38), and **REMANDS** this action to the Franklin County, Ohio Court of Common Pleas pursuant to 28 U.S.C. § 1447(c).

The Clerk shall remove this case and all motions filed therein from the Court's Civil Justice Reform Act report.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**